UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-CR-20758-Cooke

UNITED STATES OF AMERICA

vs.

MANUEL ANTONIO BALDIZON MENDEZ,

      **Defendant.**

_____/

## THE GOVERNMENT'S RESPONSE IN OPPOSITION TO THE DEFENDANT'S MOTION TO EXTEND DATE OF SURRENDER TO BUREAU OF PRISONS

COMES NOW, the United States of America, through its undersigned counsel, respectfully requesting that the Court deny the defendant's motion to extend the date of his surrender to the Bureau of Prisons ("BOP") for 30 days, specifically from July 6, 2020, to August 6, 2020. The government opposes the defendant's request for the following reasons:

1.    As the Court is aware, the defendant pled guilty to money laundering, in violation of Title 18, U.S.C., Section 1956. The Court sentenced him to 50 months' incarceration on May 1, 2019. Since that sentencing date – for over one year, the parties have been jointly requesting that the date of surrender to the defendant's designated BOP facility be postponed. The defendant is presently due to surrender on July 6, 2020.

2.    Up to now, the government had been requesting extensions of the surrender date due to ongoing matters in which the defendant was providing assistance, such as allowing the government to forfeit funds due under the ordered money judgment. The government also noted

1

certain medical issues the defendant was experiencing, which also formed part of the requests. The situation has now changed.

3. First, while the government is appreciative of the Court's prior permission for the defendant to be on bond, the government has determined that there is no longer a benefit for the government necessitating the defendant to remain out of BOP custody. The assistance the defendant was providing as to forfeiture and any other endeavors has concluded, at least as far as any assistance requiring the defendant to be on bond. Thus, the only basis for the defendant remaining out of BOP custody at this point, as stated in his motion, involves his health and the related Covid-19 pandemic.

4. This leads to the second reason the government opposes the defendant's request: taking the defendant's reasoning to its logical conclusion, there is no foreseeable end when it would be convenient for the defendant to surrender to BOP custody. A person's health does not improve with age; it deteriorates. There will always be maladies and treatments a person may wish to pursue, and a person who is well-off financially will always prefer to pursue those treatments outside of BOP custody with doctors of his choosing. A court indulging that pursuit could allow a person to escape a prison sentence indefinitely. The government respectfully submits that, even taking medical considerations into account, there must be some end to the defendant remaining out of BOP custody. At over a year since the sentencing date, during which time the defendant could have pursued any treatment, the government respectfully submits the defendant has reached that end.

5. Moreover, it should be noted that BOP is fully equipped to handle any malady the defendant faces. As an example of BOP's impressive capabilities in medical treatment, inmates in BOP custody have received organ transplants and participated in other complex (and successful)

surgeries. BOP facilities have contracts with credentialed hospitals to provide such care and the defendant can be assured that he will receive similarly good care. Indeed, as a standard part of his surrender, he will be given a full medical screening and the opportunity to note any ailment he suffers that needs treatment.

6. Finally, the government respectfully submits that the Covid-19 pandemic should not be reason to avoid serving a sentence. Again, the BOP is well-equipped to provide for the defendant's health and safety during the pandemic. The government does not deny that there have been instances of infection within BOP. But they have been handled appropriately. The BOP website notes there are 168,000 inmates in their custody. Thus, the raw numbers cited by the defendant in his motion make up a very small percentage of infection rate. By comparison, the Covid-19 infection rate for New York City and the death rate at the time of its peak there is markedly greater. While statisticians may argue about the meaning of these figures, potential under-reporting and the like, the figures do put into perspective BOP's response to the pandemic and support the government's point that Covid-19 should not be used to avoid a prison sentence.

7. For these reasons, the government respectfully submits that the defendant's request to extend his surrender date to August 6, 2020, be denied.

>Respectfully submitted,
>ARIANA FAJARDO ORSHAN
>UNITED STATES ATTORNEY
>
>By: /s/ Walter M. Norkin
>WALTER M. NORKIN
>Assistant United States Attorney
>Court ID No. A5502189
>U.S. Attorney's Office - SDFL
>99 N.E. 4th Street, Suite 718 Miami,
>FL 33132-2111
>Telephone: (305) 961-9406
>Email: Walter.Norkin@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, and served a copy to defense counsel by ECF and email, on June 30, 2020.

*/s/ Walter M. Norkin*
Assistant United States Attorney